18cv5013 UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

YELITZA PICON, on behalf of herself and
all others similarly situated,

                Plaintiff,

        -against-

PERSONAL HEALTH IMAGING, PLLC,

                Defendant.

**ORDER OF DISMISSAL**

18 Civ. 5013 (PGG)

---

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff Yelitza Pincon initiated this action against Personal Health Imaging, PLLC on June 5, 2018, and served Plaintiff on June 25, 2018. (See Cmplt. (Dkt. No. 1); Aff. Of Service (Dkt. No. 6)) On October 11, 2018, Plaintiff informed the Court that she "recently made contact with Defendant" – who had not answered or appeared in the action – "and was informed that Defendant need[ed] additional time to retain counsel." (Oct. 11, 2018 Pltf. Ltr. (Dkt. No. 7)) Accordingly, Plaintiff requested that the Court give Defendant an additional 30 days to answer or otherwise move, and represented that "[i]f Defendant fails to answer or otherwise move, Plaintiff will seek default judg[]ment." (Id.) This Court granted Plaintiff's application. (See Order (Dkt. No. 8))

        Defendant never answered or appeared, but Plaintiff has taken no action in this case since her October 11, 2018 request. On May 31, 2019, this Court ordered Plaintiff to move for default by June 14, 2019, and warned that "[i]f Plaintiff does not file a motion within this time period, the case will be dismissed for failure to prosecute." (See Order (Dkt. No. 9)) Plaintiff has not moved for default, nor responded to the Court's directive in any other manner.

Fed. R. Civ. P. 41 provides that an action may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order . . . ." Fed. R. Civ. P. 41(b). "Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte." Williams v. Wellness Med. Care, P.C., No. 11 Civ. 5566 (KMK), 2013 WL 5420985, at *7 (S.D.N.Y. Sept. 27, 2013) (citing LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962))). "A district court considering a Rule 41(b) dismissal must weigh five factors:

> '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'

Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (quoting Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." Id. (citing Nita v. Connecticut Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994)).

"The first factor to be examined breaks down into two parts: (1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." U.S. ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 255 (2d Cir. 2004) (citing Martens v. Thomann, 273 F.3d 159, 180 (2d Cir. 2001)). Here, Plaintiff did not adhere to her representation to the Court that she would move for default, and has not complied with the Court's order. Moreover, Plaintiff – without explanation – has taken no action at all in this case in more than eight months. See Laney v. Ramirez, No. 10 Civ. 9063 (JGK), 2011 WL 6594491, at *1 (S.D.N.Y. Dec. 22, 2011) (citing Baker v. Smartwood, 9:00 Civ. 1189 (GTS) (GJD), 2008

2

WL 5423436, at *1 (N.D.N.Y. Dec. 30, 2008) ("[D]urations of time as brief as four months have been held to be sufficient to weigh in favor of dismissal.") (collecting cases)); Peters-Turnbull v. Bd. of Educ. of City of New York, No. 96 Civ. 4914, 1999 WL 959375, at *3 (S.D.N.Y. Oct. 20, 1999) (concluding delay of between five and ten months "falls comfortably within the time frames found sufficient" for dismissal under Rule 41(b)).

Under the second factor, "[t]he question . . . is whether [Plaintiff] received notice 'that further delays would result in dismissal.'" U.S. ex rel. Drake, 375 F.3d at 255 (quoting Martens, 273 F.3d at 180). Here, this Court's May 31, 2019 Order expressly warned Plaintiff that his case would be dismissed for failure to prosecute if she did not file for default judgment by June 14, 2019. (Order (Dkt. No. 9))

The next factor – whether Defendant is "likely to be prejudiced by further delay" – is neutral. While a "[d]efendant[] should not be forced to bear the expense of defending a lawsuit when the plaintiff has shown little or no interest in pursuing that lawsuit," Antonios A. Alevizopoulos & Associates, Inc. v. Comcast Int'l Holdings, Inc., No. 99 Civ. 9311 (SAS), 2000 WL 1677984, at *3 (S.D.N.Y. Nov. 8, 2000), here, Defendant has shown similar disinterest by failing to answer or appear in this case.

"The fourth factor we consider is the balance between district court calendar congestion and the plaintiff's right to an opportunity to be heard." U.S. ex rel. Drake, 375 F.3d at 257 (citing Martens, 273 F.3d at 182). This factor weighs in favor of dismissal. Plaintiff's last action in this litigation took place more than eight months ago. There is no indication that Plaintiff will take any action in this case in the future.

Finally, the Court finds that lesser sanctions would be ineffective. Plaintiff has not complied with the Court's May 31, 2019 order. (See Order (Dkt. No. 9)) "The Court has no reason to suspect that Plaintiff would be responsive if lesser sanctions or court orders were

3

imposed. Given that Plaintiff has . . . failed to respond to orders of this Court, lesser sanctions would be useless." Ctr. for Monitoring Impact of Peace, Inc., 2010 WL 3958823, at *3 (citing Feurtado v. City of New York, 225 F.R.D. 474, 480 (S.D.N.Y. 2004)); Smith v. Human Res. Admin., No. 91 Civ. 2295, 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000) ("[L]esser sanctions are not appropriate . . . [as][c]ourt orders and direction have not prompted plaintiff to move h[is] case forward.")). This factor therefore weighs in favor of dismissal.

Viewing the record as a whole, and having considered each of the relevant factors, the Court concludes that dismissal for failure to prosecute is an appropriate sanction at this time.

## CONCLUSION

For the reasons stated above, this action is dismissed for failure to prosecute. The Clerk of the Court is directed to close this case.

Dated: New York, New York
      June 30, 2019

SO ORDERED.

*Paul G. Gardephe*

Paul G. Gardephe
United States District Judge